**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JANICE E. BURKE,**

                                 **Plaintiff,**

                      v.                              5:07-CV-624
                                                                  (FJS/DEP)

**CICERO POLICE DEPARTMENT;**
**DEPUTY K. KRUGER, Deputy for Cicero Police**
**Department; DEPUTY BOLLINGER, Deputy for**
**Cicero Police Department; DEPUTY WAFER,**
**Deputy for Cicero Police Department;**
**GILLETTE ROAD MIDDLE SCHOOL;**
**and AUDREY GANGLOFF, Principal of Gillette**
**Road Middle School,**

                                 **Defendants.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**JANICE BURKE**
Cicero, New York 13039
Plaintiff *pro se*

**RYAN & SMALLACOMBE, PLLC**        **CLAUDIA A. RYAN, ESQ.**
100 State Street, Suite 800
Albany, New York 12207
Attorneys for Defendant Cicero
Police Department

**ONONDAGA COUNTY DEPARTMENT**    **CAROL L. RHINEHART, ESQ.**
**OF LAW**
421 Montgomery Street, 10th Floor
Syracuse, New York 13202
Attorneys for Defendants Kruger,
Bollinger, and Wafer

**OFFICE OF FRANK W. MILLER**     **FRANK W. MILLER, ESQ.**
6575 Kirkville Road               **IMAN ABRAHAM, ESQ.**
East Syracuse, New York 13057
Attorneys for Defendants Gillette
Road Middle School and Audrey
Gangloff

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Defendant Cicero Police Department's motion to dismiss for failure to state a claim and Defendants Gillette Road Middle School and Audrey Gangloff's motion for summary judgment.

### II. BACKGROUND

Plaintiff was her niece's guardian when her niece attended Defendant Gillette Road Middle School during the 2004-2005 academic school year. On September 8, 2004, at approximately 2:20 p.m., Plaintiff arrived at the school and requested that her niece be released from school at that time because she needed to drop her off at a babysitter's in order to report to work on time.

Plaintiff requested that someone contact her niece using the school's public address system. Plaintiff then asked that Defendant Kruger allow her to proceed down the hall and through to a door at the end of the hall to the back of the school where Plaintiff's niece was located to find her niece and to notify her that she needed to pick her up early. Defendant Kruger told Plaintiff that it was against school policy to allow parents to roam the halls during school

hours and while classes were in session. Nonetheless, Plaintiff attempted to proceed down the hall, and Defendant Kruger blocked her path. Shortly thereafter, a staff member located Plaintiff's niece, and Plaintiff and her niece left the premises. Prior to leaving, Plaintiff indicated that she would pick up her niece at 2:30 p.m. every day for the remainder of the year, despite the fact that classes did not end until 2:40 p.m.

At some point prior to September 10, 2004, Defendant Gangloff, Principal of Defendant Gillette Road Middle School, telephoned Plaintiff and attempted to schedule a meeting with her to discuss her request that she be allowed to pick up her niece early every day. Plaintiff indicated that she could not meet with Defendant Gangloff that week.

On September 10, 2004, Defendant Gangloff sent Plaintiff a letter informing her that she would no longer be permitted to pick up her niece from school prior to the dismissal time. *See* Defendants' Exhibit "B." Plaintiff did not respond to Defendant Gangloff's letter but continued to arrive at school before 2:40 p.m. expecting her niece to be released early. Plaintiff sent a letter to Defendant Gangloff on October 25, 2004, insisting that her niece be allowed to leave early every day. *See* Defendants' Exhibit "C."

### III. DISCUSSION

**A.     Defendant Cicero Police Department's motion to dismiss**

Defendant Cicero Police Department ("Cicero PD") asserts that Plaintiff has failed to state a claim against it because Defendants Kruger, Bollinger, and Wafer are not officers of the Town of Cicero Police Department. *See* Affidavit of Joseph Snell, Chief of the Cicero Police Department, sworn to July 2, 2007, at ¶ 2. Moreover, Defendant Cicero PD claims that it has no

officers assigned at Defendant Gillette Road Middle School. *See id.* at ¶ 4. Finally, Defendant Cicero PD contends that none of its personnel were involved in Plaintiff's arrest on September 13, 2004. *See id.* at ¶ 5.

In support of Defendant Cicero PD's position, Defendants Kruger, Bollinger and Wafer submitted affidavits in which they state that they are employees of the Onondaga County Sheriff's Office and were so employed at the time of the incidents about which Plaintiff complains. *See* Affidavit of Deputy Kathleen Kruger, sworn to July 25, 2007, at ¶ 1; Affidavit of Deputy Amy Bollinger, sworn to July 25, 2007, at ¶ 1; Affidavit of Deputy Robert Wafer, sworn to July 26, 2007, at ¶ 1. Likewise the attorney for Defendants Kruger, Wafer and Bollinger affirms that these Defendants "are, in fact, Onondaga County Sheriff's Office Deputies." *See* Dkt. No. 25, Letter dated July 30, 2007.

Based upon this information which leaves no doubt that Plaintiff has mistakenly identified Defendants Kruger, Bollinger and Wafer as officers of Defendant Cicero PD, the Court grants Defendant Cicero Police Department's motion to dismiss for failure to state a claim.

**B.    Defendants Gillette Road Middle School and Audrey Gangloff's motion for summary judgment[1]**

In her amended complaint, Plaintiff alleges the following facts as a basis for her claim against Defendant Gangloff:

> Mrs. Gangloff denied me the right to pick my niece up from school
> at 2:30 without harassment. My niece [sic] last period of her

---

[1] The Court notes that, although counsel filed this motion on behalf of both Gillette Road Middle School and Audrey Gangloff, Plaintiff's amended complaint does not name Gillette Road Middle School as a Defendant.

> school day was a study hall.  I was not denying her a full day of instruction.  I had written a letter to Ms. Gangloff of my intent to pick my niece up every day at 2:30 pm. and asked that she be accessible in a reasonable length of time.  On September 23rd, October 8th, and October 22nd, I arrived to pick up [sic] her up, she was outside.  I had to wait until someone authorized could go outside to get her.  I [sic] forced to write a letter on October 25, 2004 forbidding her to go outside during her study break (which she really enjoyed doing) and to wait for my arrival in the attendance office.  Mrs. Gangloff failed to as Principal of Gillette Road Middle School to enforce that her staff uphold my request dated October 25, 2004 (a copy was also mailed to Mr. Haas (my niece's homeroom teacher and Dr. Steven Nevins, Director of Pupil Personnel).  Mrs. Gangloff [sic] malicious negligence to my request were [sic] a contributing factor to me arriving to work late which eventually lead [sic] to my dismissal from my job.

*See* Plaintiff's Amended Complaint at "First Cause of Action."

"To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that a defendant, acting under color of state law, deprived the plaintiff of a constitutional right." *Dyno v. Village of Johnson City*, No. 04-5747-cv, 240 Fed. Appx. 432, 434, 2007 WL 1544816, *1 (2d Cir. May 24, 2007) (citations omitted).  Moreover, "'"[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983 . . . ."'" *Id.* (quotation omitted).  Finally, it is well-settled that "'negligence will not suffice'" to state a claim under § 1983.  *Baez v. McCoy*, No. 9:04-CV-819, 2006 WL 931584, *5 (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)).

In the present case, Plaintiff has not identified which of her constitutional rights Defendant Gangloff allegedly violated.  Moreover, she characterizes Defendant Gangloff's conduct as maliciously "negligent."  Finally, the only injury that Plaintiff alleges she suffered as a result of Defendant Gangloff's refusal to allow her to pick up her niece early from school every

day is the eventual loss of her job.  However, Plaintiff does not allege, nor could she allege, that Defendant Gangloff had any input into the decision to terminate Plaintiff's employment. Therefore, the Court finds that Plaintiff has not alleged any facts to support a § 1983 claim against Defendant Gangloff.  Accordingly, the Court grants Defendants Gillette Road Middle School and Gangloff's motion for summary judgment.

## IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Cicero Police Department's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Defendants Gillette Road Middle School and Gangloff's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Peebles for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: September 30, 2008
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge